### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MECHELLE LANG,<br>on behalf of S.T.L., a minor,<br><br>     Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner<br>of the Social Security Administration,[1]<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 12-CV-245-PJC<br>)<br>)<br>)<br>)<br>) |

### OPINION AND ORDER

Mechelle Lang ("Lang") on behalf of her minor daughter, S.T.L. ("Claimant"), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*.  In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge.  Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### Procedural History

On February 19, 2009, an application for supplemental security income was protectively filed on behalf of Claimant.  (R. 13).  The claim was denied initially and upon reconsideration.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, the current Acting Commissioner of the Social Security Administration, is substituted for Michael J. Astrue as Defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(R. 13). Claimant was eleven years old and in the fifth grade at the time of the hearing before

ALJ John Belcher on November 1, 2010. (R. 35-38).

   At the close of the hearing, the ALJ stated that he would request an evaluation from

Claimant's fifth grade teacher ("teacher evaluation"). (R. 72). After procuring the teacher

evaluation, the ALJ entered it into evidence. (R. 286-93). There is no indication from the record

that the post-hearing evidence was proffered to Claimant, or that a supplemental hearing was

held. By decision dated February 25, 2011, the ALJ found that Claimant was not disabled at any

time since the alleged onset date of January 1, 2009. (R. 13-24). In his decision, the ALJ found

the teacher evaluation not credible and gave it no weight due to its inconsistency with the other

evidence in the record. (R. 19). On January 20, 2012, the Appeals Council denied review of the

ALJ's findings. (R. 5-8). Thus, the decision of the ALJ represents the Commissioner's final

decision for purposes of further appeal. 20 C.F.R. § 416.1481.

## Review

   The normal standard of review does not apply to the present case, because the

undersigned agrees with Claimant that the ALJ's failure to proffer the post-hearing evidence to

Claimant and the failure to offer a supplemental hearing requires reversal on due process

grounds. *See Allison v. Heckler*, 711 F.2d 145, n.3 (10th Cir. 1983) (deferential standard of

review applies only to findings of fact). The failure to both provide an opportunity to address

post-hearing evidence and to have a supplemental hearing is addressed in *Allison* and in *Yount v.*

*Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005).

   In *Yount*, the ALJ ordered a consultative exam due to the insufficiency of the medical

evidence in the record. *Id.* at 1236. The claimant had the post-hearing examination by an

agency consultant, and the ALJ notified the claimant's counsel that copies of the x-rays from the post-hearing examination would be entered into evidence. *Id.* at 1234. The ALJ informed the claimant that he could either "submit written comments or questions, or request a supplemental hearing." *Id.* The claimant's counsel requested a supplemental hearing, but the ALJ did not respond to the request, and no supplemental hearing was held. *Id.* The ALJ issued an unfavorable decision. *Id.* The Tenth Circuit held that the claimant had been denied a full and fair hearing and that his procedural due process rights were violated because the claimant's counsel had no "meaningful opportunity to *address* the post hearing evidence." *Id.* at 1236. (emphasis added).

*Yount* and *Allison* govern here. Claimant was not only deprived of the opportunity to have a supplemental hearing, but more significantly, Claimant was denied even the opportunity to review the post-hearing evidence before the ALJ rendered the unfavorable decision. This deprivation was a violation of Claimant's due process rights. While the facts of the present case are distinguishable from *Yount* and *Allison* in that the post-hearing evidence was favorable to Claimant, the same principles of law apply. Claimants have the right to address *all* evidence, whether it be to lend credibility to favorable evidence or to rebut unfavorable evidence. *See Yount,* 416 F.3d at 1236 (claimant should have opportunity to address post-hearing evidence).

The Commissioner operates under the assumption that a claimant only has the right to rebut unfavorable post-hearing evidence. Response Brief, Dkt. #15, p. 3. Therefore, the Commissioner concludes that, because the ALJ himself "rebutted" the post-hearing evidence, there was no adverse impact on the disposition of the case.[2] *Id.* Furthermore, the Commissioner

---

[2] The Court finds it noteworthy that the ALJ found it necessary to develop the record by specifically seeking new and more recent evidence, but then unilaterally rejecting the favorable

argues that, because the post-hearing evidence was favorable to Claimant, there was no need for Claimant to rebut it. *Id.* The Court finds the Commissioner's arguments unpersuasive and founded on a too narrow interpretation of the law.

The Commissioner's interpretation is clearly derived from the Tenth Circuit's use of the terms "rebut" and "cross-examine." The Tenth Circuit states in *Yount* that "[Claimant]'s attorney was not able to rebut the report or to cross-examine the doctor, the vocational expert, or [Claimant] in light of the additional evidence presented." 416 F.3d at 1236. However, the preceding sentence explicitly states that "the ALJ failed to give [Claimant] a meaningful opportunity to *address* the post-hearing evidence." *Id.* (emphasis added). The Tenth circuit articulated the broad rule that claimants have a right to *address* post-hearing evidence. While the Tenth Circuit used the terms "rebut" and "cross-examine," it did so in the fact-specific context of unfavorable post-hearing evidence; these terms were used as the specific way in which the claimant's counsel desired to address the post-hearing evidence.

Although not determinative or binding, this basic procedural principal is also addressed in the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), published by the Social Security Administration. HALLEX states that if "an ALJ receives new evidence after the hearing from a source other than the claimant, and the ALJ proposes to enter the evidence into the record as an exhibit, the ALJ *must* give the claimant and the claimant's representative the *opportunity to review and comment* on the evidence and to request a supplemental hearing." HALLEX I-2-5-28(E). (emphasis added). The broad terms of "review" and "comment" are used, not the narrow terms of "rebut" and "cross-examine." In the case at hand, the post-hearing

_____

evidence without even proffering it to Claimant.

teacher evaluation was from a source other than the claimant and was entered into evidence. According to HALLEX, the ALJ *must* provide an opportunity to address this evidence and provide Claimant the opportunity for a supplemental hearing.

The Commissioner also argues harmless error and that the burden of proving that the error was harmful rests with Claimant.  Response Brief, Dkt. #15, p. 3.  The Commissioner cites *Shinseki v. Sanders* 129 S.Ct. 1697 (2009) to support his argument.  In *Clark v. Astrue*, this Court specifically held that *Shinseski* was inapplicable in the context of evaluating a violation of a claimant's due process rights by the improper use of post-hearing evidence.  *Clark*, 2010 WL 3909883 (N.D. Okla. Sept. 29, 2010) (unpublished).  This Court stated that in

> the present case, however, the question is one of due process. . . .  The Tenth Circuit in *Yount* rejected the requirement that the district court made that the claimant show that important facts would be proven at a supplemental hearing. *Id.* The undersigned does not view [*Shinseski*] as in any way reversing these aspects of *Yount* so that a Social Security disability claimant has a burden to make a showing before being granted a supplemental hearing when the ALJ has relied on post-hearing reports.

*Id.* at * 3.  Similarly, in the present case, Claimant has no obligation or burden to prove that the result would have been different had she been given the opportunity to address the post-hearing evidence.  The Tenth Circuit's holding in both *Allison* and *Yount* was that the claimants were entitled to address evidentiary reports that were prepared after the original hearing with the ALJ.

The failure of the ALJ to offer Claimant an opportunity to address post-hearing evidence requires reversal on due process grounds.  Because reversal is required, the undersigned does not address the other contentions raised by Claimant.  On remand, the Commissioner should ensure that any new decision properly addresses all of the issues raised by Claimant.

**Conclusion**

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 13th day of June, 2013.

Paul J. Cleary
United States Magistrate Judge

6